Banner Lumber Co. v. McDermott.

---

## BANNER LUMBER COMPANY, Appellant, v. MCDERMOTT, Respondent.

### St. Louis Court of Appeals, December 17, 1907.

PRACTICE: Instruction. In an action for the conversion of a building upon which the plaintiff had a lien, it was not error to refuse an instruction authorizing a recovery by the plaintiff upon a theory of the case which plaintiff conceded was not sustained by the facts.

Appeal from St. Louis City Circuit Court.—*Hon. Walter B. Douglas,* Judge.

AFFIRMED.

*Robert L. McLaren* for appellant.

(1) Plaintiff as the holder of a special judgment against the building is entitled to recover for its conversion. Hammond v. Darlington, 109 Mo. App. 333; Seidel v. Cornwell, 166 Mo. 51. (2) The destruction of

the building by defendant, without anything more, amounted to a conversion. Bank v. Metcalf, 40 Mo. App. 494; Withers v. Bank, 67 Mo. App. 115; Everett v. Commission Co., 115 Mo. App. 482; Allen v. McMonagle, 77 Mo. 478; Ripley v. Dolbier, 18 Maine 385.

*Alex. Young* for respondent.

BLAND, P. J.—On April 26, 1905, in a suit before James J. Spaulding, Esq., plaintiff recovered against the defendant herein, a judgment foreclosing a mechanic's lien, on a building known as No. 5661 Delmar Boulevard, for the sum of $278.14. The building was a temporary structure to be used only during the World's Fair period. It appears that the city authorities ordered the building torn down sometime in the spring of 1905, and defendant saw plaintiff about tearing it down and was referred to its attorney, who told him to tear it down, which he did on May thirty-first. The action, begun before a justice of the peace and in due course appealed to the circuit court, is to recover the value of the material which the complainant alleges defendant took, carried away and converted to his own use. Plaintiff's evidence tends to show defendant took some, or all, of the material and used it in the construction of another building. Defendant's evidence tends to show that he did not take, or remove, or convert any of the material to his own use. Verdict and judgment were for defendant.

Complaint is made of the refusal of the court to give certain declarations of law asked by plaintiff. The sole and only material issue of fact was whether defendant converted any of the material of the building, after it was torn down, to his own use. This issue was fairly submitted to the jury. The refused instructions proceed upon the theory that plaintiff was entitled to recover the difference between the value of the building be-

fore it was torn down, and the value of the material after the building was wrecked. The evidence is uncontradicted that defendant, as owner, was ordered by the city authorities to tear the building down, that he notified plaintiff and was referred to its attorney, who told him to tear it down. Defendant swore to all these facts and plaintiff did not deny them and, it being in its power to do so, they must be taken as true and it would have, been improper to have authorized a recovery on a theory of the case, which, by its silence, plaintiff admitted to be untrue.

The judgment is affirmed. All concur.